**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101-0652
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK S. GSELL, <br><br> Plaintiff, <br><br> v. <br><br> STARLINE HOLDINGS, LLC d/b/a UNIVERSAL ELECTRIC CORPORATION, <br><br> Defendant. | Hon. _____, U.S.D.J. <br><br> Civil Action No.: _____ (___/___) <br><br> **NOTICE OF REMOVAL OF CASE FROM THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA** |

To:   Christine T. Elzer
      100 First Avenue, Suite 1010
      Pittsburgh, Pennsylvania 15222
      Attorneys for Plaintiff

Defendant Starline Holdings, LLC hereby removes an action pending against it in the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, Defendant states:

1. On October 10, 2019, Plaintiff Derek S. Gsell commenced an action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania titled <u>Derek S. Gsell v. Starline Holdings, LLC d/b/a Universal Electric Corporation</u>, Civil Division, Docket No. GD-19-014418, asserting a single cause of action for wrongful failure to hire in violation of the

public policy of the Commonwealth of Pennsylvania as allegedly embodied in the Medical Marijuana Act, 35 Pa. Stat. § 10231.2103(b)(1).

2. On October 25, 2019, a copy of the Complaint and Summons were formally served on Defendant. Copies of all of the papers served on Defendant are attached as Exhibit 1.

3. The papers attached as Exhibit 1 are copies of all process, pleadings, and orders served upon Defendant in this action.

4. This notice of removal is timely, as Defendant filed this notice of removal within 30 days after the receipt by Defendant, through service of process, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5. The action in the Court of Common Pleas of Allegheny County, Pennsylvania is one over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). It is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1441(b) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6. As set forth in the Complaint, Plaintiff was, at the commencement of this action, and is now, a resident of Allegheny County, Pennsylvania. He is a domiciliary and citizen of the Commonwealth of Pennsylvania.

7. Defendant was, at the commencement of this action, and is now, a limited liability company. As such, its citizenship for purposes of 28 U.S.C. § 1332 is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. Pa. 2010).

8. Defendant has one member, Legrand Holding, Inc. Legrand Holding, Inc. is incorporated in the State of Delaware and maintains a principal place of business located at 60

Woodlawn Street, West Hartford, Connecticut 06110. Therefore, Defendant is a citizen of Delaware and Connecticut for purposes of diversity jurisdiction.

9. The Complaint alleges violations of the Medical Marijuana Act, 35 Pa. Stat. § 10231.2103(b)(1), and demands judgment against Defendant in an amount exceeding $35,000, in addition to the following relief: back pay for all lost wages and fringe benefits of employment; front pay if reinstatement is not feasible; compensatory and punitive damages; and any other relief which the court deems just and proper. (*See* Exhibit 1, "WHEREFORE" clause).

10. In support of his claim for wrongful failure to hire, Plaintiff alleges that Defendant extended him an offer of employment for the position of Supplier Quality Specialist, which was contingent upon Plaintiff undergoing and passing pre-employment drug testing, and then rescinded the offer of employment when he tested positive for marijuana/THC despite providing documentation to the drug testing company that he purportedly used marijuana for medicinal purposes. (*See* Exhibit 1 at ¶¶ 6, 13, 21, 23, 24).

11. The offer of employment for the Supplier Quality Specialist position, as referenced in Plaintiff's complaint, sets forth Plaintiff's prospective rate of pay of $2,423.08 bi-weekly or approximately $63,000.00 annually. A true and correct copy of the Offer Letter sent to Plaintiff, dated August 26, 2019, is attached to the Declaration of Stacey Wolfe as Exhibit A.

12. Plaintiff's demand for back pay and front pay is predicated upon an annual salary of $63,000, and in addition to his demand for punitive and other compensatory damages. Therefore, his demand exceeds the amount in controversy requirement of $75,000. *See Balogun v. Alden Park Mgmt. Corp./Eastview Realty Assocs., L.P.*, 1998 U.S. Dist. LEXIS 15499, at *8-9 (E.D. Pa. Sep. 30, 1998) (finding amount in controversy requirement satisfied where plaintiff alleged a variety of damages, including lost wages and benefits, front pay, and compensatory and

punitive damages); *see also Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207 (W.D. Pa. 2010) (concluding that the Third Circuit "has found that claims for punitive damages, if appropriately made, 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'") (*quoting Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004)).

13. The United States District Court for the Western District of Pennsylvania is the federal court for the district and division embracing Allegheny County, Pennsylvania.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

15. Defendant files this notice of removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

16. Pursuant to 28 U.S.C. § 1441(d), written notice of the filing of this notice will be served on Plaintiff's counsel, and a true and accurate copy of this notice will be filed with the Court of Common Pleas of Allegheny County, Pennsylvania.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Western District of Pennsylvania accept this Notice of Removal and that it assume jurisdiction over this action and issue such further orders and process as may be necessary to bring before it all parties necessary for trial.

**McCARTER & ENGLISH, LLP**

By: */s/Matthew G. Wapner*
    Matthew G. Wapner, Esq. –
    Attorney ID No. 84347

    Christopher S. Mayer, Esq. (*pro hac vice admission pending*)

Dated: November 14, 2019    *Attorneys for Defendant Starline Holdings, LLC*