# EXHIBIT 1

ME1 31955562v.2

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 10/10/2019

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

11/09/2019

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSY

| Plaintiff(s) | |
|---|---|
| **Gsell, Derek S.** | Case Number: **GD-19-014418** |
| | Type of pleading: **Complaint** |
| | Filed on behalf of: **Elzer T Christine** |
| | **Elzer T Christine** |
| | (Name of filing party) |
| Defendant(s) | VS |
| **Starline Holdings LLC, dba Universal Electric Corporation** | [X] Counsel of Record |
| | [ ] Individual, If Pro Se |
| | Name, Address and Telephone Numl **Elzer T Christine** |
| | **Elzer Law Firm LLC** |
| | **100 First Avenue Suite 1010** |
| | **Pittsburgh, PA, 15222** |
| | Attorney's State ID: **208157** |

Michael McGeever, Director, Department of Court Records

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

DEREK S. GSELL,

    Plaintiff,

v.

STARLINE HOLDINGS, LLC d/b/a
UNIVERSAL ELECTRIC
CORPORATION,

    Defendant.

CIVIL DIVISION

No. GD-19-014418

**CIVIL COMPLAINT**

Filed on behalf of Plaintiff

Counsel of Record:

Christine T. Elzer
Pa. I.D. No. 208157
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

DEREK S. GSELL,                                            CIVIL DIVISION

    Plaintiff,

                                                                                            No.

v.

STARLINE HOLDINGS, LLC d/b/a
UNIVERSAL ELECTRIC
CORPORATION,

    Defendant.

## NOTICE TO DEFEND

    YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lost money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

                          LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
                                    11th Floor Koppers Building, 436 Seventh Avenue
                                             Pittsburgh, Pennsylvania 15219
                                                   Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DEREK S. GSELL, | CIVIL DIVISION |
| Plaintiff, | |
| v. | No. |
| STARLINE HOLDINGS, LLC d/b/a UNIVERSAL ELECTRIC CORPORATION, | |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Derek S. Gsell, by undersigned counsel, files this Civil Complaint, and in support states the following.

### I. Parties and Venue

1. Plaintiff, Derek S. Gsell, is an adult individual who resides in Moon Township, Allegheny County, Pennsylvania.

2. Defendant, Starline Holdings, LLC d/b/a Universal Electric Corporation, is a Pennsylvania limited liability company with a principal place of business located at 168 Georgetown Road, Canonsburg, Washington County, Pennsylvania 15317.

3. Defendant regularly conducts business in Allegheny County, Pennsylvania.

4. One or more transactions or occurrences out of which this cause of action arose took place in Allegheny County, Pennsylvania, as set forth in Paragraphs 16-18, 20, and 28 below.

5. As such, venue is proper in this Court pursuant to Pa. R. Civ. P. 2179(a).

## II. Factual Background

6. On or about August 26, 2019, Defendant offered Plaintiff employment in the position of Supplier Quality Specialist, with a start date of September 16, 2019.

7. Defendant described the Supplier Quality Specialist position as involving "building strong relationships with suppliers and reviewing supplier related processes such as qualification, development, integration, monitoring, and auditing. This also includes supporting teams focusing on quality improvement events or cost reduction activities."

8. Defendant described the Supplier Quality Specialist position to Plaintiff as involving mostly office work, with about 15-20% travel to suppliers.

9. When visiting suppliers, the Supplier Quality Specialist would not handle or touch energized electrical equipment.

10. The Supplier Quality Specialist would not work with chemicals requiring a permit by any governmental agency, nor would the job involve the operation or physical control of high voltage electricity or any other public utility.

11. The Supplier Quality Specialist position would not involve any life-threatening activities or risks to public health or safety.

12. Rather, the position involved auditing and other types of paperwork.

13. The above offer was "contingent upon successful completion of a criminal background check, reference check, and pre-employment drug screen."

14. On August 29, 2019, Plaintiff accepted the above offer.

15. Prior to accepting the position, Plaintiff had obtained a physician certification that he suffered from one of the medical conditions that qualifies for medical marijuana under the Pennsylvania Medical Marijuana Act.

16.     Plaintiff was introduced to the position with Defendant through a recruiter employed by Aerotek in Pittsburgh, Allegheny County, Pennsylvania.

17.     Prior to accepting the position, Plaintiff informed his Aerotek recruiter was in the process of obtaining a certification to lawfully use medical marijuana.

18.     The recruiter told Plaintiff that he did not expect Plaintiff's status as a certified user of medical marijuana to be a barrier to employment.

19.     Prior to undergoing a pre-employment drug test, Plaintiff was issued a Medical Marijuana Identification Card, and was therefore lawfully permitted to use medical marijuana.

20.     On September 5, 2019, Plaintiff underwent a pre-employment hair follicle drug test at Quest Diagnostics in Pittsburgh, Allegheny County, Pennsylvania.

21.     On September 12, 2019, Plaintiff received a phone call from an employee of i3logix, Inc. informing him that he had "failed" his drug test due to the detection of marijuana/THC.

22.     Plaintiff informed the i3logix employee of his status as a Medical Marijuana Identification Card holder, and then emailed her a copy of his Identification Card.

23.     Plaintiff's drug test results were updated to reflect, "The donor claimed medical marijuana use and provided documentation supporting this claim in the state of PA. Recommendation expires 9-3-20."

24.     Later in the afternoon of September 12, 2019, Defendant's Human Resources Generalist, Sharon Sapp, called Plaintiff and informed him that the company planned on rescinding his offer of employment because he failed to complete pre-employment requirements.

25.     Plaintiff asked if Sapp was referring to his drug test results, and Sapp said yes, she was.

3

26. Plaintiff explained that he had a prescription for medical marijuana, and had provided proof.

27. Sapp admitted that the company had never dealt with a medical marijuana issue before.

28. The above phone calls took place while Plaintiff was in Allegheny County, Pennsylvania.

29. Letter the same day, Sapp emailed and mailed Plaintiff a letter stating:

> This is to inform you that the job offer we made to you on August 26th, 2019 for the position of Supplier Quality Engineer, is no longer available due to your positive drug screen results we received on September 12, 2019. Due to this result, we are rescinding our offer of employment.

## Count I
## Wrongful Failure to Hire

30. Plaintiff incorporates the allegations of Paragraphs 1 through 26 as if fully restated.

31. Defendant failed to hire Plaintiff solely on the basis of his status as an individual who is certified to use medical marijuana.

32. Plaintiff did not seek to use medical marijuana on the property or premises of any place of employment, nor did he seek to be under the influence of marijuana at work.

33. As such, Defendant violated the public policy of the Commonwealth of Pennsylvania as embodied in the Medical Marijuana Act, 35 Pa. Stat. § 10231.2103(b)(1).

34. Defendant's failure to hire Plaintiff because of his status as an individual certified to use medical marijuana was undertaken with malice or reckless indifference to his rights under the Medical Marijuana Act.

35. As a direct and proximate result of Defendant's failure to hire Plaintiff, Plaintiff has suffered damages, including but not limited to lost wages and benefits, emotional distress, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount exceeding $35,000, and the following relief:

    a. Defendant shall pay Plaintiff back pay for all lost wages and fringe benefits of employment;

    b. Defendant shall be ordered to instate Plaintiff to the position of Supplier Quality Specialist, or pay front pay if reinstatement is not feasible;

    c. Defendant shall pay Plaintiff compensatory and punitive damages;

    d. Any other relief which this Court deems just and proper.

Respectfully submitted,

ELZER LAW FIRM, LLC

*/s/ Christine T. Elzer*

Christine T. Elzer
Pa. I.D. No. 208157
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855 (fax)
celzer@elzerlaw.com

Attorney for Plaintiff

## VERIFICATION

I verify that the averments of fact made in the foregoing Complaint are true and correct to the best of my knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

_____
Derek S. Gsell

10-10-2019
Date