## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK S. GSELL,<br><br>    Plaintiff,<br><br>    v.<br><br>STARLINE HOLDINGS, LLC d/b/a<br>UNIVERSAL ELECTRIC CORPORATION,<br><br>    Defendant. | Honorable Cathy Bissoon, U.S.D.J.<br><br>Civil Action No.: 2:19-cv-01486 (CB)<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE/SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Starline Holdings, LLC, by its attorneys McCarter & English, LLP, files this Answer and Affirmative/Separate Defenses and avers as follows:

### ANSWER AS TO PARTIES AND VENUE

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

2.      Admitted.

3.      Admitted.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions to which Defendant is not obligated to respond.

## ANSWER AS TO FACTUAL BACKGROUND

6.     Defendant denies Plaintiff's mischaracterization of Defendant's offer of employment to Plaintiff as alleged in paragraph 6 of the Complaint. Reference to Defendant's written offer letter to Plaintiff is made for its specific terms.

7.     Defendant admits the allegations in paragraph 7 of the Complaint to the extent they are consistent with the written job description for the Supplier Quality Specialist position, which speaks for itself.

8.     Denied.

9.     Admitted.

10.     Admitted.

11.     Defendant denies Plaintiff's mischaracterization of the job responsibilities of the Supplier Quality Specialist position as alleged in paragraph 11 of the Complaint.

12.     Defendant denies Plaintiff's mischaracterization of the job responsibilities of the Supplier Quality Specialist position as alleged in paragraph 12 of the Complaint.

13.     Defendant admits the allegations in paragraph 13 of the Complaint to the extent they are consistent with the terms of the written offer letter, which speaks for itself.

14.     Admitted.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

16.     Admitted.

17.     Paragraph 17 of the Complaint contains no allegations concerning Defendant, and as such Defendant is not obligated to respond.  To the extent a response is required, Defendant

ME1 32106722v.1

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

18.     Paragraph 18 of the Complaint contains no allegations concerning Defendant, and as such Defendant is not obligated to respond.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

20.     Admitted.

21.     Paragraph 21 of the Complaint contains no allegations concerning Defendant, and as such Defendant is not obligated to respond.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

22.     Paragraph 22 of the Complaint contains no allegations concerning Defendant, and as such Defendant is not obligated to respond.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

ME1 32106722v.1

23.     Defendant admits only that portion of paragraph 23 of the Complaint, which alleges that the Quest Diagnostics Test Results reflect a comment that "[t]he donor claimed medical marijuana use and provided documentation supporting this claim in the state of PA[]" and that the "Recommendation expires on 9-3-20."  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

24.     Defendant admits only that portion of paragraph 24 of the Complaint, which alleges that on September 12, 2019, Defendant's Human Resources Generalist, Sharon Sapp, called Plaintiff and informed him that the company planned on rescinding his offer of employment.  The balance of the allegations contained in paragraph 24 are denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

29.     Defendant admits the allegations in paragraph 29 of the Complaint to the extent they are consistent with the statements made by Sharon Sapp in an email sent to Plaintiff on September 12, 2019.

## ANSWER AS TO COUNT I
## WRONGFUL FAILURE TO HIRE

30.     Defendant repeats, repleads and incorporates by reference its Answer to Paragraphs 1 through 29 of Plaintiff's Complaint as if they had been fully set forth herein.

31.     Denied.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and, therefore, puts Plaintiff to his proofs with respect thereto.

33.     Denied.

34.     Denied.

35.     Denied.

WHEREFORE, Defendant respectfully requests the entry of judgment in its favor on Count I of Plaintiff's Complaint and such other and further relief as may be deemed just and proper.

**AFFIRMATIVE/SEPARATE DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the defenses mentioned below and expressly reserves and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**FIRST AFFIRMATIVE/SEPARATE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE/SEPARATE DEFENSE**

Plaintiff's claim is preempted by federal law, including the Drug Free Workplace Act and Controlled Substances Act.

**THIRD AFFIRMATIVE/SEPARATE DEFENSE**

Plaintiff's claim is barred by the doctrine of unclean hands.

ME1 32106722v.1

**FOURTH AFFIRMATIVE/SEPARATE DEFENSE**

Defendant's decision to rescind Plaintiff's job offer was a legitimate business decision and not based on Plaintiff's alleged status as a certified medical marijuana user, which was unknown to Defendant at the time it made the decision to rescind the job offer.

**FIFTH AFFIRMATIVE/SEPARATE DEFENSE**

The rescission of Plaintiff's offer of employment had no causal connection to his alleged status as a certified medical marijuana user, which Plaintiff never communicated to Defendant at any point during the interview process for the Supplier Quality Specialist position, or after Defendant's offer of employment was rescinded.

**SIXTH AFFIRMATIVE/SEPARATE DEFENSE**

The Pennsylvania Medical Marijuana Act does not contain a private cause of action. Therefore, the Act cannot create a duty for purposes of a public policy claim under Pennsylvania law and Plaintiff's claim is barred.

**SEVENTH AFFIRMATIVE/SEPARATE DEFENSE**

Defendant retained all rights to discipline or take any other employment action to the extent Plaintiff's conduct fell below the standard of care normally accepted for that position.

**EIGHTH AFFIRMATIVE/SEPARATE DEFENSE**

Plaintiff's prospective employment position consisted of job duties or tasks that Defendant reasonably believed could affect the safety or health of Plaintiff or others.

**NINTH AFFIRMATIVE/SEPARATE DEFENSE**

Defendant at all times acted in good faith.

**TENTH AFFIRMATIVE/SEPARATE DEFENSE**

Plaintiff has suffered no compensable injury as a result of Defendant's conduct.

ME1 32106722v.1

## ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages or otherwise avoid harm.

## TWELFTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff's claim for punitive damages is barred by applicable law.

## THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE

Plaintiff is not entitled to a jury trial as to some or all of the relief he seeks.

WHEREFORE, Defendant respectfully requests the entry of judgment in its favor on

Plaintiff's Complaint and such other and further relief as may be deemed just and proper.

**McCARTER & ENGLISH, LLP**

By: */s/Matthew G. Wapner*
     Matthew G. Wapner, Esq. –
     Attorney ID No. 84347
     Christopher S. Mayer, Esq. (*pro hac vice admission pending*)
     Four Gateway Center
     100 Mulberry Street
     P.O. Box 652
     Newark, NJ 07101-0652
     Tel: (973) 622-4444
     Fax: (973) 624-7070
     mwapner@mccarter.com
     cmayer@mccarter.com

Dated:  December 5, 2019     *Attorneys for Defendant*

ME1 32106722v.1